UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORAELLA VELA VALADEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | Case No. C12-2146-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Noraella Valadez has filed an application to proceed *in forma pauperis* ("IFP") in this action, Dkt. 2, and a proposed amended complaint against the Commissioner of the Social Security Administration, Dkt. 3.[1]  After careful consideration of the proposed amended complaint, the governing law, and the balance of the record, the Court finds that venue in this district is improper, and recommends TRANSFERRING this case to the United States District Court for the Eastern District of Washington.

---

[1] Although plaintiff's proposed complaint was filed on December 11, 2012, Dkt. 1, along with her IFP application, plaintiff filed an amended complaint the following day, Dkt. 3.

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

As mentioned above, plaintiff filed her proposed complaint against the Commissioner of the Social Security Administration on December 11, 2012, Dkt. 1, along with her IFP application, Dkt. 2. The following day, plaintiff filed a proposed amended complaint which included an accurate spelling of the plaintiff's name. Dkt. 3.

By Order dated December 12, 2012, the undersigned advised the plaintiff that based upon the Court's review of the proposed amended complaint, venue in this district appeared improper. Dkt. 4. As a result, the Court ordered the plaintiff to show cause why this case should not be transferred to the United States District Court for the Eastern District of Washington. Dkt. 4.

On December 13, 2012, plaintiff responded to the Court's Show Cause Order via email. Specifically, plaintiff asserted that "in response to your 12/12/12 Order to Show Cause, please be advised that we have no objection to the transfer of this file" to the Eastern District of Washington.

On December 14, 2012, this case was reassigned to the Honorable John C. Coughenour, and referred to the undersigned for preparation of a Report and Recommendation. Dkt. 5.

## III. DISCUSSION

Venue for actions not based solely on diversity of citizenship is determined by 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Plaintiff's amended complaint states that plaintiff is a resident of Yakima County, Washington, and therefore the appropriate venue for this action appears to be the United States District Court for the Eastern District of Washington.  Dkt. 3 at 1.

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The plaintiff is located in Yakima, Washington, and therefore this action could have been brought in the United States District Court for the Eastern District of Washington.  Because plaintiff filed this case in the wrong district, and does not oppose the transfer of this case to the correct one, the Court finds that a transfer to the United States District Court for the Eastern District of Washington (rather than dismissal of this action) appears to be in the interests of justice.

### IV.    CONCLUSION

Accordingly, the Court recommends that this case be TRANSFERRED to the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. § 1406(a).  Dkt. 3.  As a result, plaintiff's application to proceed IFP, Dkt. 2, is DENIED as MOOT.  The Clerk is directed to send a copy of this Report and Recommendation to plaintiff's counsel, and to Judge Coughenour.

DATED this 21st day of December, 2012.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge